**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

| | |
|---|---|
| A1A BURRITO WORKS, INC., A1A BURRITO WORKS TACO SHOP 2, INC., and JUNIPER BEACH ENTERPRISES, INC., on behalf of themselves and those similarly situated<br><br>Plaintiffs,<br><br>-vs-<br><br>SYSCO JACKSONVILLE, INC.<br><br>Defendant. | Case No.: _____ |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1331, 1332, 1441, 1446, and 1453, Defendant Sysco Jacksonville, Inc. ("Sysco") files this Notice of Removal of this civil action from the Circuit Court of the Fourth Judicial Circuit, in and for Duval County, Florida, to the United States District Court for the Middle District of Florida, Jacksonville Division.[1] The grounds for removal are as follows:

1. Plaintiffs commenced this civil action, *A1A Burrito Works, Inc., et. al. v. Sysco Jacksonville, Inc.*, Case No. 16-20-CA-008663-XXXX-MA, by filing a putative Class Action Complaint (the "Complaint") on or about December 9, 2020, in the Circuit Court of the Fourth

---

[1] The arguments and law raised in this Notice of Removal are for purposes of removal only. By the assertion or omission of any argument or reliance upon any law, Sysco does not intend to waive, and specifically reserves, its rights to assert any defenses and/or objections to which it may be entitled to assert through dispositive motion or otherwise.

Judicial Circuit, in and for Duval County, Florida, which was served on Sysco on December 14, 2020.

2. Pursuant to 28 U.S.C. § 1446(a), a copy of the Complaint and all process and pleadings are attached as **Exhibit A**.

3. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely being filed within 30 days of service of the Complaint and summons upon Sysco.

4. The time for Sysco to answer, move, or otherwise plead with respect to the Complaint has not yet expired.

5. Concurrent with the filing of this Notice of Removal, Sysco is serving this Notice on Plaintiffs' counsel and filing a copy of the Notice with the Clerk of the Circuit Court of the Fourth Judicial Circuit, in and for Duval County, Florida.

6. Venue is proper in this Court pursuant to 1441(a) because the United States District Court for the Middle District of Florida, Jacksonville Division, is the federal judicial district embracing the Circuit Court of the Fourth Judicial Circuit, in and for Duval County, Florida, where this action was originally filed.

7. By filing a Notice of Removal in this matter, Sysco does not waive its rights to object to service of process, the sufficiency of process, jurisdiction over the person, or venue, and Sysco specifically reserves its rights to assert any defense and/or objections to which it may be entitled.

8. As shown below, this case is removable to federal court based on federal question jurisdiction codified as 28 U.S.C. § 1331 and diversity jurisdiction under the Class Action Fairness Act ("CAFA"), codified as 28 U.S.C. § 1332(d).

**FEDERAL QUESTION JURISDICTION**

9. A defendant may remove a case to federal court when the district court would have had jurisdiction over the case had the case been brought there originally. 28 U.S.C. § 1441.

10. A federal district court has original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331.

11. A case arises under federal law when a federal question is presented on the face of plaintiff's complaint. *Kemp v. IBM Corp.*, 109 F.3d 708, 712 (11th Cir. 1997). To "arise under" federal law for jurisdictional purposes, federal law must create the cause of action stated in the complaint or the state law action must require construction of federal law. *Smith v. Kansas City Tile & Trust, Co.*, 255 U.S. 180, 199 (1921). A federal court has jurisdiction to hear "those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-8 (1983); *Baltin v. Alaron Trading Corp.,* 128 F. 3d 1466, 1472 (11th Cir. 1997). Federal question jurisdiction is also proper when federal law completely preempts state law claims asserted in the Complaint. *See Blab T.V. of Mobile, Inc. v. Comcast Cable Communications, Inc*., 182 F.3d 851 (11th Cir. 1999).

12. Here, the central allegation in the Complaint is that Sysco sold and distributed poultry products that weighed less than the net weight declared on the product packaging. In support of that premise, Plaintiffs assert a violation of federal labeling law, alleging that "[f]ederal labeling laws require the average net quantity of contents of Packaged Foods to be

3

at least equal to the net quantity of contents declared on the label." Compl. ¶ 3. Plaintiffs also cite to Sysco's quality assurance program where it represents that its packaged food products comply with FDA/USDA/FSIS Food Product labeling requirements. Compl. ¶ 29.

13. The foregoing violations of federal labeling laws are alleged in support of Plaintiffs' main claim that Sysco's packaging and labeling practices violate Florida's Deceptive and Unfair Trade Practices Act, Fla. Stat. 501.201, *et seq*. ("FDUTPA"). While Plaintiffs artfully avoid specific reference to the federal standards that govern the net weight, and permissible variances, of poultry products distributed in interstate commerce, there is no dispute that Plaintiffs' claim is governed by and subject to federal law. Specifically, the Federal Meat Inspection Act (FMIA) (21 U.S.C. 601– 695), the Poultry Products Inspection Act (PPIA) (21 U.S.C. 451–470), and the regulations implemented under such Acts. The FMIA and the PPIA require that packages of meat and poultry products bear an accurate statement of the quantity of their contents in terms of weight, measure, or numerical count (21 U.S.C. 601(n)(5) and 453(b)(5)). The FMIA and PPIA provide the United States Secretary of Agriculture with authority to prescribe standards of fill, and reasonable variances, of containers for such articles (21 U.S.C. 607(c)(2), 457(b)(2)) consistent with such standards established under the Federal Food, Drug, and Cosmetic Act (21 U.S.C. 301– 392).[2] In doing so, the USDA, who regulates poultry products, has elected to adopt certain relevant National Institute of Standards and Technology ("NIST") standards established for determining compliance with the net weight contents statement of packaged poultry products, and has incorporated by

---

[2] The Federal Food, Drug, and Cosmetic Act is expressly cited in Exhibit A to the Complaint – a form of Distribution Agreement entered by one of the named Plaintiffs – *see* S11.1 of Schedule 3 to Master Distribution Agreement MDA General Policies and Procedures.

reference the relevant NIST standards in the FMIA and PPIA regulations. *See, e.g.*, 9 CFR part 442.1-5.

14. To further buttress the claim that Sysco has violated FDUTPA, Plaintiffs specifically cite to the Federal Trade Commission's pricing requirements and expressly plead federal legislation such as 16 C.F.R. § 233.5 Guides Against Deceptive Pricing. Compl. ¶ 31. Plaintiffs additionally allege that Sysco "has failed to comply with this FTC guideline [16 C.F.R. § 233.5]" as evidence that Sysco "routinely employs deceptive and unfair practices to deceive consumers into paying inflated prices for Packaged Foods." Compl. ¶ 33.

15. On the face of the Complaint, Plaintiffs' deceptive and unfair packaging and labeling claim is undoubtedly governed by and subject to federal law because, as explained above, it requires construction of federal law and standards.

16. Plaintiffs' claim and right to relief are therefore dependent on resolving a substantial question of federal law; namely whether Sysco has violated relevant federal statutes, regulations and guidelines. If Sysco has not violated federal law and standards/guidelines, it cannot be liable for violating FDUTPA, which expressly does not apply "to any act or practice required or specifically permitted by federal or state law." *See* Fla. Stat. § 501.212(1).

17. It should therefore be uncontroverted that federal question jurisdiction exists pursuant to 28 U.S.C. § 1331, including on the basis that Plaintiffs' claim concerns an area of law that is completely preempted by federal law. *See, e.g.,* 21 U.S.C. 467e, PPIA's express preemption provision.

## DIVERSITY JURISDICTION UNDER CAFA

18. A federal district court has original jurisdiction over diversity cases. 28 U.S.C. § 1331.

19. CAFA reflects Congress's intent to have federal courts adjudicate substantial class action suits brought against defendants with diverse citizenship. *See* S. Rep. 109-14 at 43 (2005), reprinted in 2005 U.S.C.C.A.N. 3, 41; H. Rep. 108-144, at 36-37 (2005). To that end, CAFA expressly provides that class actions filed in state court are removable to federal court. CAFA expands federal jurisdiction over class actions by amending 28 U.S.C. § 1332 to grant original jurisdiction for a putative class containing at least 100 members; where any member of the putative class is a citizen of a State different from that of any defendant; and in which the amount in controversy exceeds $5,000,000 in the aggregate for the entire class, exclusive of interest and costs. 28 U.S.C. § 1332(d).

20. This putative class action satisfies all the jurisdictional requirements under CAFA. Specifically, based on the allegations in the Complaint: (1) the proposed class consists of 100 or more members; (2) the parties are minimally diverse; (3) and the amount in controversy exceeds $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(2), (5)(B).

**A.   The Putative Class Size Exceeds 100 Members.**

21. CAFA requires that the putative class consist of at least 100 persons. 28 U.S.C. § 1332(d)(5). In the Complaint, Plaintiffs purport to bring this action individually and on behalf of all other similarly situated, and on behalf of the following class: "All Florida persons and entities that purchased Package Foods from Sysco from December 1, 2016 to present,

whose Packaged Foods were delivered under the advertised and represented weight (the "Class")." Compl. ¶ 37. "Packaged Foods" is defined in the Complaint as "packaged poultry foods." Compl. ¶ 1. The "Class Period" is defined in the Complaint as the period "from December 1, 2016 to the present." Compl. ¶ 2.

22. Plaintiffs allege that '[t]he members are so numerous that joinder of all members of the Class would be impracticable" and that Plaintiffs "reasonably believe that the Class Members number in at least the thousands or more in the aggregate." Compl. ¶ 39. From Plaintiffs' preceding allegations on the face of the Complaint, the Court can easily conclude there were more than 100 individual purchasers of Packaged Foods, thereby satisfying the 100-person class requirement of CAFA.

**B. Minimal Diversity Is Satisfied.**

23. The second CAFA requirement—that the parties be minimally diverse—is met, because at least one putative class member is likely to be a citizen of a different state than the defendant. 28 U.S.C. § 1332(d)(2). The diverse plaintiff does not have to be a named party; it can be any unnamed class member.

24. The term "class members" means the persons (named or unnamed) who fall within the definition of the proposed or certified class in a class action. 28 U.S.C. § 1332(d)(1)(D).

25. According to the Complaint, the three named Plaintiffs are Florida corporations with their principal places of business in Florida. Compl. ¶¶ 11, 14, 17. Therefore, the named Plaintiffs are citizens of Florida.

26. Sysco Jacksonville, Inc. is a Delaware corporation with its principal place of business located in Duval County, Florida. Compl. ¶ 22. Therefore, Sysco is deemed a citizen of Florida or Delaware and no other state.

27. As noted, the class is defined as "All Florida persons and entities that purchased Package Foods from Sysco from December 1, 2016 to present, whose Packaged Foods were delivered under the advertised and represented weight (the "Class")." Compl. ¶ 37. The class definition is not limited to Florida citizens.

28. Although the named Plaintiffs are citizens of Florida as is Sysco, it is virtually certain and more likely than not, given Sysco's extensive network of purchasers as alleged, that at least one unnamed member of the alleged thousands of Class Members is a citizen of a state other than Florida and Delaware for the purposes of minimal diversity.

29. For purposes of minimal diversity analysis, the Court can reasonably conclude that at least one unnamed class member likely has a citizenship in a state different from Florida and Delaware and is therefore diverse to Sysco.

**C.   The Minimum Amount in Controversy Requirement Is Satisfied.**

30. The third requirement of CAFA - that the amount in controversy must exceed the sum or value of $5,000,000, exclusive of interest and costs— is also met. 28 U.S.C. § 1332(d)(2). "[T]he District Court [must] determine whether it has jurisdiction by adding up the value of the claim of each person who falls within the definition of [the] proposed class and determine whether the resulting sum exceeds $5 million. If so, there is jurisdiction and the court may proceed with the case." *Standard Fire Ins. Co. v. Knowles*, 133 S.Ct. 1345, 1348 (2013); 28 U.S.C. § 1332(d)(6).

31. When a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted as true when not contested by the plaintiff or questioned by the court. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 135 S. Ct. 547 (2014) ("In sum, as specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."); *accord Signor v. Safeco Ins. Co. of Illinois*, No. 19-61937-CIV, 2019 WL 7911214, at *1 (S.D. Fla. Dec. 11, 2019).

32. The Supreme Court in *Dart* also recognized that no anti-removal presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court. *Id*. at 554 *citing* S. Rep. No. 109–14, p. 43 (2005) ("CAFA's 'provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.'").

33. Here, Plaintiffs allege that they and the Class Members "have suffered millions of dollars in collective damages" during the Class Period. Compl. ¶ 8. Plaintiffs also contend that Sysco "has reaped millions of dollars in unlawful gains." Compl. ¶ 21.

34. Plaintiffs allege on the face of the Complaint that Plaintiffs' damages exceed $30,000 exclusive of interest, costs, and attorney's fees. Compl. ¶ 23. Plaintiffs further allege that "Plaintiffs' claims are typical of the claims of the other members of the Class because, among other things, Plaintiffs and the other Class Members were injured through substantially uniform misconduct by Defendant" and that "Plaintiffs are advancing the same claims … on behalf of themselves and all other Class Members." Compl. ¶ 42. Plaintiffs also seek

"reasonable attorney's fees and costs." Compl. ¶ 58. The attorneys' fees could be significant, given the scale and complexity of this putative class action.

35.     Accordingly, for purposes of this analysis, the Court should conclude that each alleged Class member similarly has damages of no less than $30,000. *See Stafford v. Sysco Market California, Inc*. No. 4:14–CV–00420, 2014 WL 4755988 (E.D. Ark. Sept. 24, 2014), a copy of which is attached hereto as **Exhibit B** (Court concluded from Complaint allegations that each putative class member had damages of at least $74,999 and multiplied that sum by the number of alleged class members to reach the $5 million jurisdictional requirement). *See also Knowles*, 568 U.S. 588 at 591 (Where a removing defendant attempts to establish the amount in controversy is facially apparent from the pleadings alone, the Court must look to the state court complaint and "add[ ] up the value of the claim of each person who falls within the definition of the proposed class and determine whether the resulting sum exceeds $5 million.").

36.     Given that each putative class member is presumed to have damages in excess of $30,000 for purposes of determining jurisdiction, then in order to reach the $5 million CAFA jurisdictional amount, there must have been at least 167 putative class members who purchased the Product. With Class Members "in at least the thousands or more" during the Class Period, plainly significantly more than 167 putative class members, the $5,000,000 jurisdictional amount is easily met.

37.     To illustrate that the jurisdictional amount will be easily met even with 1,000 class members, each member's damages, excluding attorney's fees and costs, for the entire Class Period will need to be $5,000 – a very small amount likely to be exceeded. A class of 2,000 members, for example, will only require that each member's damages be $2,500 for the

entire Class Period. The individual member's damages required to exceed $5,000,000 when combined with all other members can be much lower than the easily met $2,500 with a Class which is alleged to include members "in at least the thousands or more."

38. On these grounds, and specifically referring to the alleged "millions of dollars in collective damages" in the Complaint, Sysco avers that the amount placed in controversy far exceeds $5,000,000, and CAFA's amount-in-controversy requirement is satisfied.

39. Because all CAFA jurisdictional requirements are met, this case is properly removable to this Court under 28 U.S.C. § 1332(d).

Respectfully submitted,

*s/ Samuel L. Felker*
Samuel L. Felker, Esq. FL Bar #123800
(Trial Counsel)
**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C**.
100 S.E. Third Avenue, Suite 1620
Fort Lauderdale, Florida 33394
Tel: (954) 768-1600
Fax: (954) 333-7636
samfelker@bakerdonelson.com
***Counsel for Defendant Sysco Jacksonville, Inc.***

and

*s/ Kyle A. Diamantas*
Kyle A. Diamantas, Esq.
FL Bar #106916
**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.**
200 South Orange Avenue, Suite 2900
Orlando, FL 32801
Tel: (407) 422-6600
Fax: (407) 841-0325
kdiamantas@bakerdonelson.com
***Counsel for Defendant Sysco Jacksonville, Inc.***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 13, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system and served the foregoing via electronic mail to:

Janet R. Varnell
Brain W. Warwick
Matthew T. Peterson
Erika Willis
VARNELL & WARWICK, P.A.
1101 E. Cumberland Avenue
Suite 201H, #105
Tampa, Florida 33602
Tel: (352) 753-8600
Fax: (352) 504-3301
*jvarnell@varnellandwarwick.com*
*bwarwick@varnellandwarwick.com*
*mpeterson@varnelleandwarwick.com*
*ewillis@varnellandwarwick.com*
*kstroly@varnellandwarwick.com*

John A. Yanchunis
Ryan J. McGee
MORGAN & MORGAN
COMPLEX LITIGATION GROUP
201 N. Franklin St., 7th Floor
Tampa, Florida 33602
Tel: (813) 223-5505
Fax: (813) 222-2434
*jyanchunis@forthepeople.com*
*rmcgee@forthepeople.com*

Ariana J. Tadler
Brian R. Morrison
TADLER LAW LLP
One Penn Plaza, 36th Floor
New York, New York 10119
Tel: (212) 946-9300
Fax: (929) 207-3746
*atadler@tadlerlaw.com*
*bmorrison@tadlerlaw.com*

*Attorneys for Plaintiffs*

                                              s/ *Samuel L. Felker*
                                              Samuel L. Felker