Filing # 117896971 E-Filed 12/09/2020 10:38:21 AM

IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT
IN AND FOR DUVAL COUNTY, FLORIDA

| | |
|---|---|
| A1A BURRITO WORKS, INC., a Florida corporation, A1A BURRITO WORKS TACO SHOP 2, INC., a Florida corporation, and JUNIPER BEACH ENTERPRISES, INC., a Florida corporation, on behalf of themselves and those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SYSCO JACKSONVILLE, INC., a Delaware corporation<br><br>Defendant. | Case No.:<br><br>**CLASS ACTION COMPLAINT** |

Plaintiffs, A1A Burrito Works, Inc. ("Burrito Works"), A1A Burrito Works Taco Shop 2, Inc. ("Burrito Works 2"), and Juniper Beach Enterprises, Inc. ("Juniper Enterprises") (collectively, "Plaintiffs"), bring this Class Action Complaint on behalf of themselves and all others similarly situated. All allegations in this Class Action Complaint are based upon Plaintiffs' experiences, investigation of counsel, and information and belief. Plaintiffs hereby allege the following in support of this Class Action Complaint:

**NATURE OF THE ACTION**

1. Plaintiffs and the Class have the right to expect packages to bear accurate net content information. All manufacturers and distributors whose comparable products are sold in packages have the right to expect that their competitors will be required to adhere to the same laws and regulations. Defendant Sysco Jacksonville, Inc. ("Sysco" or "Defendant"), has engaged in systematic, unlawful overcharges for packaged poultry foods (the "Packaged Foods") advertised,

1

represented, priced, and sold according to weight. This action seeks to remedy these unfair, deceptive, and unconscionable business practices.

2. Specifically, from December 1, 2016 to the present (the "Class Period"), Sysco advertised, represented, priced, and sold the Packaged Foods at false prices that materially misrepresented package weights. Upon further inspection, the Packaged Foods weighed materially less than the advertised, represented, priced, and sold weights, thereby unlawfully increasing the prices to Plaintiffs and the Class (the "Pricing Practice").

3. When Plaintiffs or other businesses order the Packaged Foods from Sysco, they do so based on bulk weight. That weight is important to Plaintiffs and the Class, not only because a certain weight is necessary for their business operations (namely cooking for their end customers), but also because pricing is calculated by that weight. Here, though, the Packaged Foods—weighed immediately after unloading from Sysco's delivery trucks and before any melting or other loss of weight might impact the measurement—were routinely lighter than the advertised, represented, priced, and sold weight. Federal labeling laws require the average net quantity of contents of Packaged Foods to be at least equal to the net quantity of contents declared on the label. Sysco's advertised and represented weights were often inflated by several pounds, and Plaintiffs' orders were as much as 12% lighter than the paid-for amount. These significant, material inaccuracies resulted in markedly different prices for Plaintiffs and the Class, while unlawfully enriching Sysco.

4. For example, on April 6, 2020, Plaintiff Burrito Works 2 was invoiced for 40 pounds of Packaged Food (*i.e.*, chicken). However, Defendant delivered approximately 37.3 pounds (including packaging), resulting in an overcharge of 2.7 pounds.

5. In another example, on May 18, 2020, Plaintiff Burrito Works was invoiced for 40 pounds of Packaged Food (*i.e.*, chicken). However, Defendant delivered approximately 36.1 pounds (including packaging), resulting in an overcharge of 3.9 pounds.

6. On May 18, 2020, Plaintiff Juniper Enterprises was invoiced for 40 pounds of Packaged Food (*i.e.*, chicken). However, Defendant delivered approximately 35.4 pounds (including packaging), resulting in an overcharge of 4.6 pounds—a stunning 11.5% of the total order.

7. Sysco's weighted pricing allows consumers to make informed purchasing decisions and forecast costs during fiscal periods. But by failing to provide the correct weight of the Packaged Foods—and still charging for the inflated weight—Sysco's Pricing Practices were deceptive, unfair, and unconscionable, depriving consumers of the promised value of the Packaged Foods they purchased.

8. During the Class Period, Plaintiffs and Class Members have suffered millions of dollars in collective damages.

9. Plaintiffs bring this action against Sysco alleging damages sustained as a direct and proximate result of Sysco's deceptive, unfair, and unconscionable Pricing Practices in violation of Florida's Deceptive and Unfair Trade Practices Act, Florida Statutes Sections 501.201, *et seq.*, and for unjust enrichment under Florida common law.

10. Plaintiffs bring this action on behalf of a class of persons located in Florida who purchased Packaged Foods from Sysco, and seek, *inter alia*, actual damages, refunds, injunctive relief, attorneys' fees, and the costs of this litigation.

## PARTIES

### A. Plaintiffs

11. Burrito Works is a Florida corporation with its principal place of business in Flagler County, located at 400 A1A South, Unit C, Flagler Beach, Florida 32136. During the Class Period, Burrito Works purchased Packaged Foods from Sysco at false prices that materially misrepresented package weights and was thereby deceived by Sysco into paying for more Packaged Foods than it actually received.

12. Burrito Works shops for Packaged Food based on weight and corresponding pricing and considers this a material element in making business decisions, as this assists Burrito Works with forecasting costs over its respective fiscal periods.

13. Prior to purchasing Packaged Foods, Burrito Works relied upon the false and misleading statements that were prepared and approved by Sysco and its agents and disseminated through advertised and represented weights and corresponding prices. For each purchase, Burrito Works understood that it was paying a specific price for a specific amount of Packaged Foods.

14. Burrito Works 2 is a Florida corporation with its principal place of business in Flagler County, located at 1490 Palm Coast Parkway, Unit 5, Palm Coast, FL 32137. During the Class Period, Burrito Works 2 purchased Packaged Foods from Sysco at false prices that materially misrepresented package weights and was thereby deceived by Sysco into paying for more Packaged Foods than it actually received.

15. Burrito Works 2 shops for Packaged Food based on weight and corresponding price and considers this a material element in making business decisions, as this assists Burrito Works 2 with forecasting costs over its respective fiscal periods.

16. Prior to purchasing Packaged Foods, Burrito Works 2 relied upon the false and misleading statements that were prepared and approved by Sysco and its agents and disseminated through advertised and represented weights and corresponding prices. For each purchase, Burrito Works 2 understood that it was paying a specific price for a specific amount of the Packaged Foods.

17. Juniper Enterprises is a Florida corporation with its principal place of business in St. Johns County, located at 400 A1A South, Unit C, Flagler Beach, Florida 32136. During the Class Period, Juniper Enterprises purchased Packaged Foods from Sysco at false prices that materially misrepresented package weights and was thereby deceived by Sysco into paying for more Packaged Foods than it actually received.

18. Juniper Enterprises shops for Packaged Food based on weight and corresponding price and considers this a material element in making business decisions, as this assists Juniper Enterprises with forecasting costs over its respective fiscal periods.

19. Prior to purchasing Packaged Foods, Juniper Enterprises relied upon the false and misleading statements that were prepared and approved by Sysco and its agents and disseminated through advertised and represented weights and corresponding prices. For each purchase, Juniper Enterprises understood that it was paying a specific price for a specific amount of the Packaged Foods.

20. By pricing at a higher weight and simultaneously delivering a lower weight of Packaged Foods during the Class Period, Plaintiffs and Class members were damaged by paying inflated prices.

21. Upon information and belief, Sysco continues to employ these deceptive, unfair, and unconscionable Pricing Practices from which it has reaped millions of dollars in unlawful gains.

**B. Defendant**

22. Sysco is a Delaware corporation with its principal place of business in Duval County, located at 1501 Lewis Industrial Drive, Jacksonville, FL 32254.

## JURISDICTION

23. This Court has subject matter jurisdiction over Plaintiffs' claims under Fla. Stat. §§ 26.012, 86.011. This Court has jurisdiction over this dispute because this complaint seeks damages in excess of $30,000.00, exclusive of interest and attorneys' fees, costs, and expenses.

24. Venue is proper in Duval County pursuant to Fla. Stat. §§ 47.011, 47.051, because Defendant is headquartered and does business in this County, the cause of action accrued in this county, and Defendant has its principal place of business in this County.

25. This Court has personal jurisdiction over Defendant because under Fla. Stat. § 48.193, Defendant personally or through its agents operated, conducted, engaged in, and carried on a business in Florida, has offices in Florida, committed the tortious acts in Florida, and engaged in significant business activity within Florida.

## FACTUAL ALLEGATIONS

**A. Sysco's Business Model**

26. Founded in 1973 as Sysco Food Services Jacksonville, Inc., Sysco began serving local restaurants and businesses.

27.     In 1989, Sysco relocated to its current "state of the art" facility, where it has 365,000 square feet of warehousing space and 96 tractor trailers. The company represents that it "specializ[es] in staying close to [its] local vendors and partnering to help [its] community grow."[1]

28.     As Sysco recognizes, "Fresh food and fresh ideas are at the heart of food and service."[2] Sysco represents that it delivers "exceptional produce, custom cuts of meat, high-quality seafood, and imported foods offering global flavors."[3]

29.     Indeed, Sysco touts its network and distribution to "keep[] you stocked with the freshest products, trends, and ideas" in order for businesses to maintain a competitive edge.[4] To accomplish this, Sysco "uses only the highest qualify meats available. Sysco beef, pork, and poultry *undergo stringent quality assurance inspections* – and are available in any custom cut you need."[5] (Emphasis added). Part of Sysco's stated "quality assurance" program involves a representation to its customers that its Packaged Foods "comply with FDA/USDA/FSIS Food Product labeling requirements."[6]

30.     With this network, distribution, and availability of products that undergo "stringent quality assurance inspections," Sysco states that it helps restaurants "differentiate and grow their businesses in the constantly-evolving industry."[7] This includes customized menus, dishes, and

---

[1] Sysco, Our Locations, *available at*: https://www.sysco.com/Contact/Contact/Our-Locations/Jacksonville
[2] Sysco, Our Products, *available at*: https://www.sysco.com/Products/Products/Product-Categories.html
[3] *Id.*
[4] *Id.*
[5] Sysco, Our Products, *available at*: https://www.sysco.com/Products/Products/Product-Categories.html
[6] Sysco, Redistribution Network Supplier Compliance Manual, *available at:* *https://www.sysco.com/dam/jcr:596b9459-7e35-4ee0-8a4d-16b8bd012220/RDC%20Supplier%20Compliance%20Manual%20August%202019.pdf*
[7] Sysco, Our Products, *available at*: https://www.sysco.com/Products/Products/Product-Categories.html

other items to maintain a competitive edge. Sysco even provides detailed market insights to allow restaurants to key in on trends and adapt their businesses, including rising and falling supply and consumer demands of specific types of Packaged Foods.[8]

### B. The Federal Trade Commission Forbids Sysco's Deceptive Pricing Practices

31. The FTC requires that any company that offers price comparisons (*e.g.*, items sold by weight) "should make certain that the bargain offer is genuine and truthful. Doing so will serve their own interest as well as that of the general public" 16 C.F.R. § 233.5.

32. When a company offers an item for sale, the offer must be, and not contain any deceptive or unfair aspects.

33. Sysco, however, has failed to comply with this FTC guideline. Instead, Sysco routinely employs deceptive and unfair practices to deceive consumers into paying inflated prices for Packaged Foods.

34. Sysco's practices are false, deceptive, unfair, and unconscionable because the marketed, advertised, warranted, and represented sales prices have not reflected the actual weights of the paid-for Packaged Foods. Sysco advertises and sells Packaged Foods at specified weighted prices, but then delivers at lower weights, reaping unlawful revenues and profits. As a result, consumers did not and still do not receive the promised values for Packaged Foods purchased during the Class Period.

---

[8] *See, e.g.*, Sysco, Sysco Market Corner, September 18, 2020, *available at*: https://www.sysco.com/dam/jcr:b41b894a-8d31-4206-8c4e-c7bd35784574/SyscoMarketCorner-9-18-2020.pdf

### C. Sysco Deceived Plaintiffs and Class Members Resulting in Damages to Plaintiffs and Class Members

35. Sysco's consistent delivery of underweight Packaged Foods was designed to, and did, induce consumers, including Plaintiffs and Class Members, into believing that they were receiving more of the Packaged Foods than Defendant actually delivered.

36. Sysco induced Plaintiffs and Class Members to purchase less of the Packaged Foods at a higher price. Plaintiffs and Class Members relied on Sysco's false, deceptive, unfair, and unconscionable marketing, advertising, warranties, and representations to their detriment. Plaintiffs and Class Members would not have purchased the Packaged Foods or, at the very least, would have demanded the appropriate price upon purchase had they known the prices were false, deceptive, unfair, and unconscionable, in that the Packaged Foods delivered were consistently less than the advertised and represented weight.

## CLASS ALLEGATIONS

37. Pursuant to Florida Rule of Civil Procedure 1.220, Plaintiffs, individually and on behalf of all others similarly situated, bring this lawsuit on behalf of themselves and as a class action on behalf of the following class:

> All Florida persons and entities that purchased Packaged Foods from Sysco from December 1, 2016 to present, whose Packaged Foods' were delivered under the advertised and represented weight (the "Class").

38. Excluded from the Class are Defendant and any entities in which any Defendant or its subsidiaries or affiliates have a controlling interest, and Defendant's officers, agents, and employees. Also excluded from the Class are the Judges assigned to this action, members of the court's staff, and any member of the Judges' immediate family.

39. **Numerosity:** The members of the Class are so numerous that joinder of all members of the Class would be impracticable. Plaintiffs reasonably believe that Class Members number in at least the thousands or more in the aggregate.

40. **Commonality and Predominance:** This action involves common questions of law or fact, which predominate over any questions affecting individual Class Members, including:

    a. Whether Sysco violated Fla. Stat. § 501.201, *et seq.*;

    b. Whether Sysco engaged in unfair, deceptive, and/or unconscionable conduct by overcharging Plaintiffs and Class Members for the Packaged Foods;

    c. Whether Sysco breached its contracts with Plaintiffs and Class Members by overcharging consumers for the Packaged Foods;

    d. Whether Plaintiffs and Class Members sustained actual damages; and

    e. Whether Sysco should be enjoined from continuing to overcharge consumers for the Packaged Foods.

41. Similar or identical statutory and common law violations, business practices, and injuries are involved. Individual questions, if any, pale by comparison, in both quantity and quality, to the numerous common questions that predominate this action.

42. **Typicality:** Plaintiffs' claims are typical of the claims of the other members of the Class because, among other things, Plaintiffs and the other Class Members were injured through the substantially uniform misconduct by Defendant. Plaintiffs are advancing the same claims and legal theories on behalf of themselves and all other Class Members, and there are no defenses that are unique to Plaintiffs. The claims of Plaintiffs and those of other Class Members arise from the same operative facts and are based on the same legal theories.

43. **Adequacy of Representation:** Plaintiffs are adequate representatives of the Class because their interests do not conflict with the interests of the other Class Members they seek to represent; they have retained counsel competent and experienced in complex class action litigation, and Plaintiffs will prosecute this action vigorously. The Class Members' interests will be fairly and adequately protected by Plaintiffs and their counsel.

44. **Superiority:** A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this matter as a class action. The damages, harm, or other financial detriment suffered individually by Plaintiffs and Class Members are relatively small compared to the burden and expense that would be required to litigate their claims on an individual basis against Defendant, making it impracticable for Class Members to individually seek redress for Defendant's wrongful conduct. Even if Class Members could afford individual litigation, the court system could not. Individualized litigation would create a potential for inconsistent or contradictory judgments and increase the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

45. Further, Defendant has acted or refused to act on grounds generally applicable to the Class and, accordingly, final injunctive or corresponding declaratory relief to Class Members as a whole is appropriate.

## CAUSES OF ACTION

### COUNT I
### Violation of Florida's Deceptive and Unfair Trade Practices Act
### Florida Statute Section 501.201, *et seq.*

46. Plaintiffs re-allege and incorporate by reference herein all allegations contained in paragraphs 1 through 45.

47. The purpose of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201, *et seq.*, ("FDUTPA") is to "protect the consuming public . . . from those who engage in unfair methods of competition, or unconscionable, deceptive or unfair acts or practice in the conduct of any trade or commerce." Fla. Stat. § 501.202(2).

48. Each Plaintiff (Burrito Works, Burrito Works 2, and Juniper Enterprises) is a "consumer" as defined by Florida Statute § 501.203(7).

49. The subject transaction for Packaged Foods is "trade or commerce" as defined by Florida Statute § 501.203(8).

50. FDUTPA was enacted to protect the consuming public and legitimate business enterprises from those who engage in unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce, and in unfair methods of competition.

51. For the reasons discussed herein, Defendant violated FDUTPA by engaging in the actions described herein concerning the sale of Packaged Foods by delivering lower weights than it advertised and represented, which violates Florida Statute § 501.201, *et seq*. Defendant's unconscionable, deceptive, and unfair acts and practices described herein were likely to, and did in fact, deceive members of the public, including consumers (like Plaintiffs and Class Members) acting reasonably under the circumstances and to their detriment.

52. In committing the acts alleged above, Defendant engaged in unconscionable, deceptive, and unfair acts and practices acts by charging weight-based prices for the Packaged Foods but delivering less weight than was promised without adjusting the price. Plaintiffs and the Class were therefore damaged in the amount of the difference between what was paid for and what was actually received.

53. Defendant's actions constitute unconscionable, deceptive, or unfair acts or practices because, as alleged herein, Defendant advertised, marketed, and sold the Packaged Foods at one price and weight, but delivered less than what was promised, thereby offending an established public policy, and engaging in immoral, unethical, oppressive, and unscrupulous activities that are and were substantially injurious to consumers.

54. In committing the acts alleged above, Defendant engaged in unconscionable, deceptive, and unfair acts and practices by charging a higher price but providing lower weights than promised and paid for.

55. Defendant's conduct is unconscionable, deceptive and unfair, as it is likely to, and did, mislead consumers acting reasonably under the circumstances. Plaintiffs and Class Members, as consumers, used the prices and values Defendant advertised and represented for financial forecasts, thus depriving Plaintiffs and Class Members of the actual weights for which they ordered and paid.

56. As a direct and proximate result of Defendant's conduct, Plaintiffs and Class Members have been harmed because they were wrongfully deprived of the proper amount of Packaged Foods.

57. Plaintiffs reserve the right to allege other violations of FDUTPA as discovery unfolds and as Defendant's conduct remains ongoing.

58. As a direct and proximate result of the unconscionable, unfair, and deceptive acts or practices alleged herein, Plaintiffs have been damaged and are entitled to recover actual damages, to the extent permitted by law, including § 501.211, Florida Statutes, in an amount to be proven at trial. In addition, pursuant to § 501.211, Florida Statutes (2009), Plaintiffs seek equitable relief and to enjoin Defendant on terms the Court considers reasonable. Plaintiffs also seek reasonable attorneys' fees and costs, as prescribed by § 501.211(2) Florida Statutes.

## COUNT II
### Breach of Contract

59. Plaintiffs re-allege and incorporate by reference herein all allegations contained in paragraphs 1 through 45.

60. Plaintiffs and Class Members entered into contracts with Defendant for the purchase of various goods for eventual resale to consumers through their respective restaurant or cafeteria operations. Specifically, Plaintiffs entered into Distribution Agreements with Defendant that provided for pricing to be based on a fee per pound. A form of the Distribution Agreements is attached as Exhibit A. The Distribution Agreements even provide for price adjustments when a substitute product varies in size. Defendant represents and warrants, as part of the Distribution Agreements, that its products will meet the written specifications provided by Defendant, and also represents that products will "not be adulterated or misbranded within the meaning of the FDC Act." As part of these contracts, Plaintiffs and the Class Members purchased Packaged Foods from Defendant. However, despite being charged based on specified weights, Sysco delivered lower weights while simultaneously charging for higher weights. For example, in May 2020, Plaintiff Burrito Works purchased 40 pounds of Packaged Foods, but only received 36.1 pounds of the Packaged Foods while still paying for the agreed-upon 40 pounds.

61. Defendant breached its contracts with Plaintiffs and Class Members when it charged and collected a sum of money for Package Foods under the represented and contractually agreed-upon weights. Plaintiffs and Class Members have sustained damages consisting of the difference in price between what was purchased and what should have been delivered.

62. By and through the conduct alleged herein, Defendant has received, had use of, and accrued interest on these funds wrongfully obtained from Plaintiffs and Class Members.

63. Plaintiffs and Class Members have suffered pecuniary harm as a direct and proximate result of Defendant's conduct.

## **REQUEST FOR RELIEF**

**WHEREFORE**, Plaintiffs, individually and on behalf of Class Members proposed in this Complaint, respectfully request the Court enter judgment in their and Class Members' favor and against Defendant as follows:

a. For an Order certifying the proposed Class, and appointing Plaintiffs and their Counsel to represent the Class;

b. For an Order that Defendant is permanently enjoined from its improper conduct and practices as alleged herein;

c. A judgment awarding Plaintiffs and Class Members damages, including, without limitation, the sums overpaid for the Packaged Foods, with interest, as a result of Defendant's unfair, deceptive, and unconscionable business practices and conduct;

d. For an award of costs of suit and attorneys' fees, costs, and expenses, as allowable by law, including Fla. Stat. § 501.211(2); and

e. Such other and further relief as this Court may deem just and proper.

**JURY TRIAL DEMAND**

Plaintiffs hereby demand trial by jury of all claims in this Class Action Complaint so triable.

Dated: December 9, 2020

Respectfully submitted,

**VARNELL & WARWICK, P.A.**

By: /s/ Janet R. Varnell
Janet R. Varnell; FBN: 0071072
Brian W. Warwick; FBN: 0605573
Matthew T. Peterson, FBN: 1020720
Erika Willis, FBN: 10021
1101 E. Cumberland Ave., Suite 201H, #105
Tampa, Florida 33602
Telephone: (352) 753-8600
Facsimile: (352) 504-3301
*jvarnell@varnellandwarwick.com*
*bwarwick@varnellandwarwick.com*
*mpeterson@varnellandwarwick.com*
*ewillis@varnellandwarwick.com*
*kstroly@varnellandwarwick.com*

**MORGAN & MORGAN
COMPLEX LITIGATION GROUP**

/s/ John A. Yanchunis
John A. Yanchunis (Bar No. 324681)
Ryan J. McGee (Bar No. 64957)
201 N. Franklin St., 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile: (813) 222-2434
*jyanchunis@forthepeople.com*
*rmcgee@forthepeople.com*

**TADLER LAW LLP**
Ariana J. Tadler (*pro hac vice forthcoming*)
Brian R. Morrison (*pro hac vice forthcoming*)
One Penn Plaza, 36th Floor
New York, NY 10119
Telephone: (212) 946-9300
Fax: (929) 207-3746
*atadler@tadlerlaw.com*
*bmorrison@tadlerlaw.com*

16