## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

A1A BURRITO WORKS, INC., a
Florida corporation, A1A BURRITO
WORKS TACO SHOP 2, INC., a
Florida corporation, and JUNIPER
BEACH ENTERPRISES, INC., a
Florida corporation, on behalf of
themselves and those similarly
situated,

     Plaintiffs,

v.                                    Case No. 3:21-cv-41-TJC-JBT

SYSCO JACKSONVILLE, INC., a
Delaware corporation,

     Defendant.

_____

## O R D E R

    This case is before the Court on Defendant Sysco Jacksonville, Inc.'s

Motion to Dismiss (Doc. 41). Plaintiffs responded (Doc. 42), and Sysco replied

(Doc. 45). On February 8, 2022, the assigned United States Magistrate Judge

issued a Report and Recommendation (Doc. 47) recommending that Sysco's

Motion to Dismiss be granted and the Second Amended Complaint (Doc. 40) be

dismissed with prejudice. Plaintiffs filed timely objections to the Report and

Recommendation (Doc. 48), to which Sysco responded (Doc. 49). Upon de novo

review of the file and for the reasons stated in the Report and Recommendation (Doc. 47), the Court finds Plaintiffs' claims, as pled, are due to be dismissed on grounds of preemption.[1]   Accordingly, it is hereby

**ORDERED:**

1.     The Report and Recommendation of the Magistrate Judge (Doc. 47) is **ADOPTED** as the opinion of the Court.

2.     Sysco's Motion to Dismiss (Doc. 41) is **GRANTED**. The Second Amended Complaint (Doc. 40) is **DISMISSED with prejudice**.

3.     The Clerk shall enter judgment accordingly and close the file.

---

[1] Plaintiffs' objection that additional underweight samples could have been included is not enough (and Plaintiffs' suggestion that the undersigned counseled them to include less is disingenuous and taken out of context).   As the Magistrate Judge explained, the Second Amended Complaint failed to include any allegations as to the total number of packages received during the relevant time, how the underweight packages were selected, whether other packages were weighed (and how), and other infirmities. Thus, despite having three chances to plead their claims, Plaintiffs failed to include sufficient allegations to reasonably infer that Sysco violated the regulations governing the weighing process to support their FDUTPA claim (and because the breach of contract claim hinges on the same regulations, it too fails). The Court is not making any finding as to whether a complaint presenting a different set of factual allegations would survive. Thus, Plaintiffs' policy arguments that this ruling promotes dishonesty in sellers and leaves retailers without a remedy are rejected.

      **DONE AND ORDERED** in Jacksonville, Florida the 23rd day of March,

2022.



TIMOTHY J. CORRIGAN
United States District Judge


s
Copies to:

Honorable Joel B. Toomey
United States Magistrate Judge

Counsel of record

3